# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSE PEREZ-GONZALEZ, ) <br> ) <br>         Defendant. ) <br> ) | Case No.: 2:09-cr-00454-GMN-PAL <br><br> **ORDER** |

      Defendant Jose Perez-Gonzalez ("Defendant") sent a letter to the Court dated November 29, 2010 (ECF No. 37) in which he disputes the United States Bureau of Prisons' ("BOP") calculation of 314 days of credit for time served and requests that the Court amend the Judgment (ECF No. 36) to give him a full twelve (12) months credit for time served. The Government filed a Response (ECF No. 38) to this letter, but no Reply has been filed.

      Defendant's letter appears to arise from a misunderstanding of what occurred at his Sentencing Hearing on September 13, 2010 (ECF No. 35). Defendant writes in his letter that "[u]pon my sentencing you had order [sic] twelve month jail credit . . ."; however, the Court made no such order at the sentencing. Rather, the Court merely canvassed Defendant's attorney regarding how long Defendant had been in custody, and Defendant's attorney indicated that Defendant had been in custody for a year. When the Court then asked if Defendant was getting federal credit for that year, Defendant's counsel indicated that he was and Counsel for the government concurred. However, the Court never ordered that this full year be given as credit. Instead, the Court was simply

///

gathering information to help it fashion an appropriate sentence for Defendant.[1]

Nor could the Court have ordered the BOP to give Defendant twelve (12) months credit for time served. As the Supreme Court explained in *United States v. Wilson*, 503 U.S. 329, 333 (1992), district courts are not authorized to award credit for time served at sentencing. Rather, the Attorney General, through the BOP, is responsible for computing and awarding credit for time served. *Id.* at 335. Here the BOP has upheld that responsibility and has calculated Defendant's credit for time served to be 314 days. The Court will not amend its Judgment in this case to contravene the BOP's calculation.

**IT IS THEREFORE ORDERED** that Defendant's request (ECF No. 37) for this Court to amend the Judgment is **DENIED**.

DATED this 6th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1] Although information regarding the amount of credit a defendant may be receiving for time served is helpful to the Court in determining an appropriate sentence, it is only one of a multitude of factors the Court considers, and, in this case, Defendant's sentence would still have been the same if Defendant's attorney and counsel for the Government had represented that Defendant would only be receiving 314 days credit for time served.