1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                    Respondent,

    vs.

JOSE PEREZ-GONZALEZ,

                    Petitioner.

)
)
)
)
)
)
)
)
)
)

Case No.: 2:09-cr-00454-GMN-PAL-1

**ORDER**

10

11

12

13

Pending before the Court is Petitioner Jose Perez-Gonzalez's Motion to Provide All the Proper Documents, (ECF No. 61). Petitioner requests "all . . . paper documents" to assist him in what appears to be an upcoming motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] (Mot. Provide Paper Documents at 1).

14

15

16

17

Generally, a litigant has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). And federal courts do not allow prisoners or any other litigants to accrue copy fees—payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed

18

19

20

21

22

23

24

25

---

[1] The Court notes that Bureau of Prison Records (BOP) reflect that Petitioner was released from custody on September 11, 2013. *See* Fed. BOP Inmate Locater, https://www.bop.gov/inmateloc (last visited November 13, 2023). Release from custody does not necessarily moot a habeas petition. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007). If a petitioner challenges the validity of the underlying criminal conviction following their release from incarceration, a habeas petition is not moot because there are a number of civil disabilities that accompany a criminal conviction including limitations on a convict's ability to engage in certain businesses, vote, or serve as a juror. *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968). Petitioner's filing indicates his upcoming § 2255 motion is predicated on the contention that his conviction for Deported Alien Found Unlawfully in the United States under 8 U.S.C. § 1326 is invalid because § 1326 is unconstitutional. (Mot. Provide Paper Documents at 2). Because Petitioner's motion would challenge the validity of his underlying conviction, it is not mooted by his release from custody. However, the Court advises Petitioner that the Ninth Circuit in *United States v. Carillo-Lopez*, recently held that § 1326 does not violate the Equal Protection Clause of the Fifth Amendment and rejected a facial challenge to the statute. 68 F.4th 1133 (9th Cir. 2023). The Court is bound by the Ninth Circuit's decision in *Carillo-Lopez* subject to the Ninth Circuit revisiting the issue or a decision by the Supreme Court.

documents may be obtained from the clerk's office after payment of copying fees).

Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases. LSR 1-7 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).  To the extent he seeks paper copies of the docket, Petitioner is advised that payment is required for all copies of documents contained in this Court's docket.  The motion is therefore denied.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Provide All the Proper Documents, (ECF No. 61), is **DENIED**.

**DATED** this __13__ day of November, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court